CENTRAL VICTORIA, Plaintiff and Appellant, *v.* GREGORIO HERNÁNDEZ Y HERNÁNDEZ ET AL., Defendants and Appellees.

No. 2868. Argued May 28, 1926.—Decided June 26, 1926.

*Coll y Cuchí & Cruzado Silva* for the appellant. *Benicio Sánchez Castaño* and *Leopoldo Feliú* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The district court refused to issue a mandatory injunction for the restoration of the possession of real estate upon the following facts found and for reasons stated as follows:

"During the trial plaintiff showed itself to be in the possession of certain strips of land within a property of the defendants, which are fully described in the complaint and over which a track was laid, to be used for the transportation of sugar cane, and a siding was constructed for loading. It is alleged that in order that cars may reach the loading place there is a road which is also said to be in the possession of plaintiff and which has been closed by the placing of a fence or wire gate at its entrance, at the junction with the neighborhood road. Beyond this, no other act of disturbance of the use or enjoyment of the track or of the strips of land over which it is laid has been shown. The track seems to have been constructed by virtue of a contract made on the 19th of June, 1915, between the Compañía Azucarera de la Carolina (predecessor in interest of the plaintiff, as the latter alleges) and Gregorio Hernández, one of the defendants. The clause of said contract relative to the track reads as follows:

" 'SIXTEENTH: It is expressly agreed that the Central will construct a track over my property of Trujillo Bajo; that it will pro-

vide the contracting planter with empty cars placed thereon; that the hauling of the loaded cars to the Central will also be done at its expense; and that the track shall be laid before the month of January, 1916.'

"The contract was for the sale and delivery of cane, and, according to its twelfth clause, it would last for three years, which would begin to run on the first of July, 1917. It has apparently been extinguished.

"There is an action pending the decision of this court, which was brought by defendants agaihst the plaintiff on June 1, 1925, that is, six days before the filing of the amended complaint in the instant case; and its apparent purpose is to liberate the same property from the servitude that the plaintiff company has established on the track with which we are now dealing.

"In order that the present action might prosper, it would be necessary to show satisfactorily the actual possession of the strips or tracts of land set forth in the complaint. The existence of the track, the siding and the loading place and road was shown during the trial; and it was shown that the road had been closed by a fence placed by order of Gregorio Hernández, one of the defendants. But a continuous and actual possession, such as that contemplated by the special act which provides the special remedy of injunction now invoked, was not established. If this were an ordinary action to confirm a servitude, this court would probably adopt, by way of securing the effectiveness of the judgment, some measure to protect the rights alleged to have been infringed. But the possession of a road within the property of the defendants which they can use freely as owners, with equal frequency, at least, as the plaintiff, is not a real and exclusive possession and tenancy and therefore is not incompatible with that of others; it would be at most a right of way on that road toward the place for loading the cane to be transported over the track; a right of way which has not been established even in its origin, for it can not be inferred from the contract of purchase and sale of cane, already extinguished, or from its terms or effects (*régimen*). No evidence relative to the absolute necessity of the road for the purposes of the track was offered.

"For these reasons, the writ of injunction prayed for should be denied."

The assignment of errors specifies that—

"I. The district court manifestly erred in holding that the actual possession of the parcels of land described in the complaint was not shown.

"II. The district court manifestly erred in holding that the right of way was not established by the plaintiff-appellant.

"III. The district court manifestly erred in not finding that the plaintiff-appellant had been illegally deprived of its possession.

"IV. The district court manifestly erred and abused its discretion in weighing the evidence and rendering a judgment not in accordance therewith.

"V. The district court manifestly erred in applying Act No. 43 of 1913 which prescribes the procedure for recovering the possession of real property, as amended by Act No. 11 of 1917."

The trial judge apparently admits that the portable tracks laid upon the land in question by plaintiff's alleged predecessor in interest are in the possession of plaintiff. There was some evidence tending to show a survey by plaintiff of the strip occupied by such track or siding as well as certain repairs made upon such track and the replacing of ties along the line thereof by plaintiff. There was nothing to show any interference by defendants with the actual physical possession by plaintiff of the track or siding.

There was no evidence whatever in support of plaintiff's claim as to actual possession of the road which was closed by defendants. There is no satisfactory showing that plaintiff even used the said road or that plaintiff owned or controlled the portable track, if any, used to facilitate the transportation of cane over such road. The evidence as a whole, although meager and vague, points rather to the use and enjoyment of this road up to the time of its closing by other planters and cane growers in the vicinity for the purpose of transporting their cane in carts and wagons over the land of defendants.

It follows that the second contention of appellant has little or nothing upon which to rest. In any event, appellant cites no authority for the proposition that a mere right of

ingress and egress may be made the basis of a demand for relief under the law of 1913 as amended in 1917.

The law last referred to provides a remedy for any interference with or threatened disturbance of actual physical possession. Such possession, subject to certain limitations and exceptions unnecessary to enumerate, is enough.

An individual who has a clear legal right to an unobstructed passage at will through the lands of another does not need to resort to the restorative interdict of the Roman Law. A plaintiff who has been deprived of actual physical possession in order to obtain the restoration thereof is not required to establish his legal title to the property in question. A previous actual possession under some semblance or color of right will suffice.

In the one case a clear legal or equitable right is an indispensable prerequisite to relief. In the other, without either a clear right or a material possession, the action can not prosper.

The brief for appellant contains an interesting and exhaustive exposition of the origin, history and development of the legal concept embodied in the term possession and of the law governing possessory rights; but the range of our discussion must be confined for the present to the field covered by the facts disclosed by the record.

Viewed in the light of such facts, the third, fourth and fifth propositions submitted in the assignment, in so far as not already disposed of, do not demand further consideration.

The judgment appealed from must be affirmed.